IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 AUG 2 PM3:25
AN

ROMAN SEBASTIAN MONZON, )
)
Plaintiff, )
)
) Civil Action No.: 23-cv-1828-LKG
v. )
) Dated: August 2, 2023
CATHERINE ALEXANDRA TESAR, )
PATRICIA ILLAGAN, )
)
Defendants. )

## MEMORANDUM

Self-represented Plaintiff Roman Sebastian Monzon, who is currently incarcerated at Sussex One State Prison in Waverly, Virginia, filed this civil action on June 29, 2023, along with a Motion to Proceed in Forma Pauperis, which shall be granted. However, for the reasons discussed below, the Complaint must be dismissed.

Monzon sues his minor child's mother, Catherine Alexandra Tesar, and maternal grandmother, Patricia Illagan, alleging that they have violated the custody and visitation arrangement that they agreed to follow while Monzon is incarcerated. ECF No. 1. Monzon asserts that Defendants' actions tortiously interfered with his parental rights and intentionally inflicted emotional distress. *Id.* at 4-6. Monzon seeks compensatory and punitive damages totaling $100,000. *Id.* at 7.

This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, the Court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of

subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Monzon states that this Court has diversity jurisdiction over this claim pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). As Monzon is a Virginia resident while Defendants reside in Maryland, usually diversity jurisdiction would be conferred on the Court. However, "the district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980); *see also Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights). Where the underlying cause of action arises solely from family relations law, the domestic relations exception applies. *Cole*, 633 F.2d at 1088. Thus, as the parties' respective custody and visitation rights underly Monzon's claims, the domestic relations exception precludes this Court's diversity jurisdiction over this matter.

Congress has also conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). However, as the Complaint does not invoke any federal laws, the Court does not have federal question jurisdiction either.

Without a jurisdictional basis for suit in federal court, Monzon's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent

authority. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, dismissal is appropriate here, given the lack of subject matter jurisdiction.

  By separate Order, which follows, the Complaint will be dismissed without prejudice.

8-2-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge